IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ANN ELLIS, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-01189-XR |
| vs. | § § § | |
| GOODHEART SPECIALTY MEATS, ET AL., | § § § § | |
| *Defendant.* | § | |

### ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint [#1] and Plaintiff's *pro se* Motion for Appointment of Counsel [#2]. The motions were automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By her motions, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs and requests the appointment of an attorney to represent her in this case. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, deny the motion to appoint counsel, and order Plaintiff to file a More Definite Statement to assist the Court in understanding the claims and causes of action at issue.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes her income and asset information,

1

which indicates that Plaintiff is unemployed but receives $849 per month in disability payments. Plaintiff has no significant assets or savings.

This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant Plaintiff's Motion to Proceed IFP [#1]. Plaintiff is advised, however, that although she may proceed IFP in this case, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint names the following Defendants: Goodheart Specialty Meats, Texas Mutual Insurance Company, Elizabeth Johnson (Adjuster for Texas Mutual Insurance Company), Texas Department of Insurance Worker's Compensation Division, and Erica Gomez (Ombudsman for Texas Department of Insurance).  (Pl.'s Compl. [#1-1] at 3–4.)

Plaintiff alleges that she was injured on the job by a chemical spill and suffered a permanent injury to her right hand.  (*Id.* at 8.)  Plaintiff's Complaint also references a diagnosis of onychomycosis and onychogryphosis, disorders of the fingernail.  (*Id.* at 7.)  Plaintiff states that she has had problems with Goodheart Specialty Meats (presumably her former employer) and Texas Mutual Insurance Company since June 8, 2017, which, although not explicitly

---

[1] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

explained in her Complaint, is presumably the date of her injury.  (*Id.*)  Plaintiff claims she attempted to file for worker's compensation benefits in August 2018 but her claim was denied.  (*Id.* at 7.)  Plaintiff further contends she has never completely healed from her injury or medical condition because Defendants denied her appropriate medical treatment and compensation for her outstanding medical bills.  (*Id.* at 7–8.)  Plaintiff lists the causes of action of negligence, improper medical attention, unsafe work environment, and racial discrimination.  (*Id.* at 7.)

Before ordering service of Plaintiff's Complaint on Defendants, the Court will order Plaintiff to file a More Definite Statement.  The ordered More Definite Statement will assist the Court in determining the factual allegations asserted against each Defendant, whether Plaintiff's Complaint was timely filed, and whether there is jurisdiction over Plaintiff's claims.

### III. Appointment of Counsel

Courts may also appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings.  Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case.  *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Appointment of counsel in a civil case is considered a privilege, not a constitutional right.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted).  The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances.  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting her case; (3) whether the plaintiff is in a position to

investigate adequately the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *Id.* at 213 (citations omitted).

Plaintiff has not demonstrated that exceptional circumstances are present in her case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e). Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that her case is not particularly complex, and she has the ability to articulate the basis of and present the facts pertinent to her claims. Accordingly, the Court will deny Plaintiff's request for counsel at this stage of the proceedings. This denial is without prejudice to Plaintiff renewing her request at a later stage of this lawsuit.

## IV.  CONCLUSION

In summary, the Court will grant Plaintiff's Motion to Proceed IFP, deny Plaintiff's motion for counsel, and order Plaintiff to file a Motion for More Definite Statement.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. Service upon Defendants should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that on or before **January 7, 2022**, Plaintiff shall file a **More Definite Statement** of the claims she seeks to present to this Court. Plaintiff is reminded to keep her statement **"short and plain,"** detailing only the facts relevant to her claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff should respond to the following questions:

- Your Complaint suggests you were injured while at work for Goodyear Specialty Meats on June 8, 2017. When did you begin working for Goodyear Specialty Meats? Do you still work there? If not, when did your employment with Goodyear end and did you quit or were you involuntarily terminated? With regard to your on-the-job injury, briefly describe the injury, how it occurred, when it occurred, and your medical history and condition related to the injury.

- Your Complaint references the denial of worker's compensation benefits and an administrative hearing related to that application. Please list any relevant dates and events related to your attempt to obtain these benefits. When did you file for benefits? When was the referenced hearing? On what date were benefits denied? Did you attempt to appeal the denial?

- Your Complaint references racial discrimination. Which Defendant discriminated against you due to your race? What discriminatory actions were taken against you? Please describe any facts related to this discrimination and why you believe your treatment related to your injury was due to such discrimination.

- Your Complaint lists several Defendants. Please list each of the named Defendants and briefly describe the unlawful conduct of <u>that specific Defendant</u>. What actions did each Defendant take and what injury did each action cause? For instance, you may have suffered a physical injury (e.g., a broken leg) or a financial injury (e.g., lost wages). If you omit a Defendant from your answer to this question, the Court will interpret that omission to mean you intend to drop any claims against that Defendant.

- Please attach to your More Definite Statement any orders denying you worker's compensation benefits or other documentation of your injury and the communications from Defendants leading to this lawsuit.

- If you are complaining that your employer Goodyear Specialty Services discriminated against you for an illegal reason (e.g., race), please attach any complaints you have filed with the Equal Employment Opportunity Commission, the Texas Workforce Commission, or any other governmental agency.

Plaintiff shall include the following declaration at the end of her more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this ____ day of _____2021.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, she may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 6th day of December, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE