IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ANN ELLIS, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-01189-XR |
| | § | |
| vs. | § | |
| | § | |
| GOODHEART SPECIALTY MEATS, BLUEBONNET FOODS, AMALIA PALMAZ, OWNER, GOODHEART SPECIALTY MEATS/BLUEBONNET FOODS; FLORENCIA PALMAZ, OWNER, GOODHEART SPECIALTY MEATS/BLUEBONNET FOODS; ELIZABETH JOHNSON, ADJUSTER, TEXAS MUTUAL INSURANCE COMPANY;  TEXAS MUTUAL INSURANCE, ERICA GOMEZ, TEXAS DEPARTMENT OF INSURANCE, WORKER'S COMPENSATION DIVISION; AND  CHIEF CLERK OF PROCEEDINGS, TEXAS DEPARTMENT OF INSURANCE, WORKER'S COMPENSATION DIVISION; | § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e).  This case was automatically referred to the undersigned for an order on Plaintiff's motion to proceed *in forma pauperis* and service of Plaintiff's Complaint pursuant to a divisional Standing Order.  The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed pursuant to Section 1915(e).

1

## I. Procedural and Factual Background

Plaintiff Mary Ann Ellis filed this case on December 1, 2021, proceeding *pro se*, against Defendants Goodheart Specialty Meats (her former employer), Texas Mutual Insurance Company, Elizabeth Johnson (Adjuster for Texas Mutual Insurance Company), Texas Department of Insurance Workers' Compensation Division, and Erica Gomez (Ombudsman for Texas Department of Insurance). (Pl.'s Compl. [#5] at 3–4.) Plaintiff's Complaint alleges that she was injured on the job by a chemical spill and suffered a permanent injury to her right hand. (*Id.* at 8.) Plaintiff claims she attempted to file for workers' compensation benefits in August 2018, but her claim was denied. (*Id.* at 7.) Plaintiff further contends she has never completely healed from her injury or medical condition because Defendants denied her appropriate medical treatment and compensation for her outstanding medical bills. (*Id.* at 7–8.) Plaintiff's complaint lists the following causes of action: negligence, improper medical attention, unsafe work environment, and racial discrimination. (*Id.* at 7.)

After granting Plaintiff's motion to proceed *in forma pauperis* and reviewing Plaintiff's proposed Complaint, the Court ordered Plaintiff to file a More Definite Statement [#4] to assist the Court in determining whether Plaintiff had stated a plausible claim for relief such that Defendants should be served. The Court's Order listed specific questions for Plaintiff to answer in her More Definite Statement, including: (1) details and dates of her employment with Goodyear Specialty Meats, the nature of her injury and medical condition, and the details of her termination; (2) details and dates of her attempt to obtain workers' compensation benefits, any hearings held, the reasons for denial of benefits, and whether she attempted to appeal the decision; (3) an explanation of the racial discrimination she allegedly suffered and description of specific discriminatory actions taken against her; and (4) description of each named Defendant

2

and the unlawful conduct attributed to that specific Defendant. The Court also directed Plaintiff to attach to her More Definite Statement any orders denying workers' compensation benefits, any other documentation of the injury, communications from Defendants leading to this lawsuit, and any complaints she filed with the Equal Employment Opportunity Commission ("EEOC"), the Texas Workforce Commission ("TWC"), or any other governmental agency regarding race discrimination.

Plaintiff timely filed her More Definite Statement on January 21, 2022 [#7]. In her More Definite Statement, Plaintiff answered some of the Court's questions but did not provide all of the requested information and did not attach any copies of any documentation regarding her workers' compensation claim or any charge of discrimination filed with a governmental agency prior to filing this lawsuit. Plaintiff's More Definite Statement explains that she began work for GoodHeart Specialty Meats on January 6, 2017; was injured by a chemical spill on June 8, 2017; and was terminated on October 17, 2017, due to a previous back injury. According to Plaintiff's Original Complaint, she filed her workers' compensation claim in August 2018, following her termination. Plaintiff does not provide any other dates regarding the resolution of her workers' compensation claim.

## II. Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B). Based on

---

[1] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is

the filings before the Court, Plaintiff has failed to plead any claim upon which relief can be granted.

**A.     Plaintiff fails to plead a plausible claim of race discrimination.**

Plaintiff alleges a claim of race discrimination. The only reference to race discrimination in her More Definite Statement is that she believes the reason she did not receive prompt medical attention for her on-the-job injury (like other employees) is that she is Black. Plaintiff does not allege her termination was based on race discrimination.

Plaintiff has failed to plead a claim of race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. Plaintiff's race discrimination claim alleges disparate treatment. A plaintiff raising a disparate-treatment claim must plead sufficient facts to plausibly suggest she suffered an adverse employment action and that the action was taken "*because of* her protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted, emphasis in original). Adverse employment actions include "only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) (internal quotations and citation omitted). "An employment action that does not affect job duties, compensation, or benefits is not an adverse employment action." *Id.* (quotations and brackets omitted). Plaintiff's receipt of inadequate medical treatment is not an adverse employment action affecting her job duties, compensation, or benefits and therefore is not actionable under Title VII.

Moreover, even if Plaintiff could advance a race discrimination claim based on disparate medical treatment on account of her race under Title VII, any such claim would be barred for failure to plead exhaustion of administrative remedies as to this claim prior to filing suit. As a

---

required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

4

precondition to seeking relief under Title VII, Plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC or TWC.  *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).   An aggrieved employee must initiate contact with a Counselor regarding the alleged discrimination within 45 days of the matter alleged to be discriminatory.  29 C.F.R. § 1614.105(a).   If the matter cannot be resolved informally, the Counselor must notify the employee of the right to file a discrimination complaint no later than the 30th day after contacting the Counselor.  *Id.* at § 1614.105(d).  An employee then has 15 days after receipt of the notice to file a discrimination complaint with the EEOC or state agency.  *Id.*  An employee's failure to notify a Counselor of her complaint within 45 days bars her claims, absent a defense of waiver, estoppel, or equitable tolling.  *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992).

The Court directed Plaintiff to provide copies of any complaints she filed with the EEOC or TWC so that the Court could evaluate whether Plaintiff satisfied her obligation to exhaust.  She failed to do so, and her More Definite Statement does not contain any references to any actions taken regarding her race discrimination claim prior to filing this lawsuit.  This claim should therefore be dismissed for failure to state a claim and failure to exhaust administrative remedies.

## B.      Plaintiff's claims of negligence are barred.

Plaintiff couches her claim regarding her on-the-job injury as a claim of negligence based on a failure to maintain a safe workplace and a failure to provide prompt and adequate medical attention.   Plaintiff's complaint indicates that her employer was a workers' compensation insurance subscriber.  Her sole remedy for any workplace injury is therefore the Texas Workers' Compensation Act.  *See* Tex. Lab. Code § 408.001(a) ("Recovery of workers' compensation

benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . ."). Plaintiff's claims of negligence are barred under Texas law.

Even if her negligence claims were not barred by the exclusive remedy provision of the Texas Workers' Compensation Act, they would also be time-barred. The statute of limitations for a claim of negligence is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Plaintiff's on-the-job injury allegedly due to her employer's failure to maintain a safe workplace occurred on June 8, 2017, over four years ago. Plaintiff's allegations regarding the failure to provide prompt medical attention also concern this same time period. Plaintiff failed to timely file any claim of negligence against her employer.

**C.    Plaintiff fails to plead a plausible claim related to the denial of her workers' compensation benefits.**

Finally, Plaintiff also seeks judicial review of the denial of her workers' compensation claim. This claim also fails as a matter of law.

Where conditions of diversity jurisdiction exist, a federal district court may sit in review of a Texas agency's disposition of a workers' compensation claim, so long as the review action was initially brought in federal not state court. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961); *cf. Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998) (holding that workers' compensation claims are non-removable from state court). Although this is not a removed action, it appears here that all parties are citizens of Texas, thereby destroying diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Nor are there any factual allegations that suggest the amount in controversy requirement has been satisfied. *See id.*

Moreover, even if the requirements of diversity jurisdiction were satisfied, Plaintiff has not provided the Court with any of the requested information regarding her workers' compensation claim so that the Court might be able to evaluate it for timeliness. Under Texas

6

law, an employee may seek judicial review of a final decision of the Texas Workers' Compensation Commission by filing suit "not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel."  Tex. Labor Code Ann. § 410.252(a).  Plaintiff's pleadings refer to an unsuccessful appeal of her workers' compensation claim (which was originally filed in August 2018), but she does not provide the Court with the date of this administrative action or with any copies of the relevant decisions.  In light of Plaintiff's failure to follow a court order and the other identified defects, the Court should summarily dismiss Plaintiff's request for review of the denial of her workers' compensation claim.

### III.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and More Definite Statement under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED**.

### IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not

consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of February, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE