**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARY ANN ELLIS,<br>*Plaintiff* | § <br> § <br> § | |
| -vs- | § <br> § | SA-21-CV-01189-XR |
| GOODHEART SPECIALTY MEATS,<br>BLUEBONNET FOODS, AMALIA<br>PALMAZ, FLORENCIA PALMAZ,<br>ELIZABETH JOHNSON, TEXAS<br>MUTUAL INSURANCE, ERICA GOMEZ,<br>TEXAS DEPARTMENT OF INSURANCE,<br>WORKER'S COMPENSATION DIVISION,<br>AND CHIEF CLERK OF PROCEEDINGS,<br>TEXAS DEPARTMENT OF INSURANCE,<br>WORKER'S COMPENSATION DIVISION;<br>*Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this date, the Court considered the Report and Recommendations ("R&R") of

Magistrate Judge Elizabeth S. Chestney (ECF No. 8) and *pro se* Plaintiff's Objection to the R&R

(ECF No. 13). After careful consideration, the Court issues the following order.

## BACKGROUND

### A.      Employment with GoodHeart Brand Specialty Foods and Injury

Plaintiff Mary Ann Ellis filed this case on December 1, 2021 against Defendants

GoodHeart Brand Specialty Foods ("GBSF"),[1] Texas Mutual Insurance Company ("Texas

Mutual"), Elizabeth Johnson (a claims adjuster working for Texas Mutual), the Texas Department

of Insurance Division of Workers' Compensation ("TDI/DWC"), and Erica Gomez (the

"ombudsman" for TDI/DWC). ECF No. 1-1 at 3–4. Plaintiff is proceeding *pro se*.

---

[1] Plaintiff misidentifies Defendant as GoodHeart Specialty Meats. Defendant's correct name is GoodHeart Brand Specialty Foods Co, and is owned by Bluebonnet Foods, L.P. Defendants Amalia and Florencia Palmaz own Bluebonnet Foods, L.P.

Plaintiff was hired by GBSF on January 6, 2017. ECF No 7 at 3. On June 8, 2017, Plaintiff was pouring cleaning chemicals into a container when chemicals seeped into her glove, injuring her right hand. ECF No. 13 at 65. The chemicals later transferred to her foot when she removed her boots and socks. *Id*. Plaintiff claims that she reported the injury to her supervisors and that GBSF, instead of encouraging her to seek immediate medical attention, directed her to wait. ECF No. 7 at 4. Almost one week later, GBSF sent Plaintiff to Texas Medical Clinic, where she was treated for a chemical burn. *Id*. This treatment was paid for by Defendant Texas Mutual, GBSF's workers' compensation insurance company. *Id.* Plaintiff continued to receive medical treatment after she was released from the medical clinic, and was eventually diagnosed with onychogryphosis of the fingernails, onychomycosis/onychogryphosis of toenails and dermatitis, reflex sympathetic dystrophy of right upper extremity, and complex pain syndrome. *Id.* at 3; ECF No. 13 at 33–34. Plaintiff alleges that, almost four months later, on October 17, 2017, GBSF discharged her because of a previous back injury.[2] ECF No. 7 at 3.

On March 24, 2021, a TDI/DWC benefit review officer held a benefit review conference. ECF No. 14 at 64. Because the parties could not agree regarding the disputed issues, the case was referred to a TDI/DWC Administrative Law Judge ("ALJ"). *Id*. The ALJ held a hearing and, ultimately, TDI/DWC found that Plaintiff sustained a compensable injury in the form of right-hand dermatitis on June 8, 2017, but that the injury was not a producing cause of onychogryphosis of the fingernails, onychomycosis/onychogryphosis of toenails, dermatitis of the lower extremity, or complex pain syndrome. *Id*.

---

[2] It appears from the pleadings that Plaintiff's back injury is unrelated to the chemical spill.

Plaintiff brought suit in federal court, claiming that she was wrongly denied treatment and medication, and that she still suffers complications from her injury.[3] ECF No. 7 at 5. Plaintiff sought review of the TDI/DWC's decisions, and also brought claims of negligence and racial discrimination. ECF No. 5.

**B.      The Report and Recommendations**

Upon filing in federal court, Plaintiff's case was referred to Magistrate Judge Elizabeth Chestney pursuant to 28 U.S.C. § 636(b)(1)(B). After reviewing the complaint, the Magistrate Judge ordered Plaintiff to file a More Definite Statement ("Statement") addressing the Magistrate Judge's specific factual questions.[4] ECF No. 4. The Magistrate Judge also directed Plaintiff to provide any orders denying workers' compensation benefits, documentation of the injury, communications from Defendants leading up to this lawsuit, and complaints she filed with the Equal Employment Opportunity Commission ("EEOC"), the Texas Workforce Commission ("TWC"), or any other governmental agency regarding racial discrimination. *Id.* at 5.

Plaintiff timely filed her Statement on January 21, 2022.[5] ECF No. 7. Plaintiff responded to some, but not all, of the Court's questions and failed to supply any material supporting her claims. Importantly, Plaintiff failed to describe the circumstances surrounding the chemical spill

---

[3] These causes of actions are found throughout three filings: ECF Nos. 5, 7, and 13. The pleadings also stated claims of an "unsafe working environment" (ECF No. 5), "improper medical attention" (ECF No. 5), "toxic work environment" (ECF No. 7). This Court has an obligation to liberally construe Plaintiff's filings because she is proceeding *pro se*. Thus, the Magistrate Judge interpreted Plaintiff's claims of unsafe work environment and improper medical attention as theories of negligence. *See* ECF No. 8 at 5–6. This Court agrees with the Magistrate Judge's interpretation and also considers the toxic work environment claim also falling under the rubric of negligence.

[4] These questions included (1) details and dates of her employment with GoodHeart Brand Specialty Foods and the details of her termination, the nature of her injury, how it occurred, when it occurred, and her medical condition; (2) details and dates of her attempt to obtain workers' compensation benefits, any hearings held, the reasons for denial of benefits, and whether she attempted to appeal the decision; (3) an explanation of the racial discrimination she allegedly suffered and description of specific discriminatory actions taken against her; and (4) a description of each named Defendant and the unlawful conduct attributed to that specific Defendant.

[5] Plaintiff was originally ordered to file the Statement on or before January 7, 2022. Plaintiff moved for an extension of time to file the more definite statement (ECF No. 6) and the Magistrate Judge gave her until January 21, 2022. (Text Order dated 1/11/22). Thus, Plaintiff timely filed on January 21.

and how exactly she was injured. Furthermore, Plaintiff did not provide evidence or documentation that she filed a workers' compensation claim or appealed her denial of benefits. Plaintiff also failed to attach charges of discrimination that she allegedly filed with the EEOC. Finally, in her Statement, Plaintiff also added claims of retaliation and disability discrimination.[6] ECF No. 7 at 6.

On February 7, 2022, the Magistrate Judge issued her Report and Recommendations advising the Court to dismiss the case pursuant to 28 U.S.C. § 1915(e), which allows a court at any time to dismiss cases filed by IFP plaintiffs in which the claims presented: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[7]

First, the Magistrate Judge found that Plaintiff did not plead a plausible claim of racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, concluding that the withholding or improper issuance of medical attention did not constitute an "adverse employment action." ECF No. 8 at 4 (citing *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019)). Furthermore, although race is a protected status and Plaintiff was terminated, Plaintiff did

---

[6] Plaintiff also phrases this claim as one for "wrongful termination" and "non-compensation." ECF Nos. 7, 13. However, the substance of her claim indicates that she believes GBSF discriminated against her for her disability, a back injury, by not providing reasonable accommodations. *See* ECF No. 7 at 3 ("I was wrongfully terminated from [GBSF] due to a previous back injury (October 17, 2017)[.] I asked for a reasonable accommodation from [GBSF] administration[.] I was denied by the administration."). Accordingly, the Court construes Plaintiff's wrongful termination and non-compensation claims as one for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. *See Moton v. Halff Assocs., Inc.*, No. 3:13-CV-4588-D, 2014 WL 642764, at *1 (N.D. Tex. Feb. 19, 2014) (construing wrongful termination claim as claims under various state and federal employment statutes because "[i]t [was] apparent from [the plaintiff]'s complaint that she [was] alleging wrongful termination based on [state and federal anti-discrimination statutes] rather than a 'free-standing claim for wrongful termination under Texas law.'"); *Darden v. Mario Sinacola & Sons Exacavting, Inc.*, No. 4:17-CV-00389, 2017 WL 4583777, at *2 (E.D. Tex. Sept. 20, 2017), *report and recommendation adopted*, No. 4:17-CV-00389, 2017 WL 4574583 (E.D. Tex. Oct. 13, 2017) (analyzing wrongful termination claim under Title VII and Chapter 21 of the Texas Labor Code); *cf. Garvin v. Sw. Corr., L.L.C.*, 391 F. Supp. 3d 640, 653 (N.D. Tex. 2019) (considering plaintiff's claims of Title VII gender discrimination and wrongful termination together because both involved allegations of constructive discharge).

[7] The Report and Recommendations addressed Plaintiff's claims of racial discrimination, negligence, and denial of workers' compensation benefits. It did not address Plaintiff's claims of disability discrimination or retaliation. *See* ECF No. 7.

not plead that her termination occurred *because of* her protected status.[8] Finally, because Plaintiff failed to provide the Court with any documentation of her EEOC claim, the Magistrate Judge determined that Plaintiff failed to exhaust her administrative remedies as required. *Id.* (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).

Second, the Magistrate Judge found that Plaintiff's negligence claim was barred under Texas state law. ECF No. 8 at 6. Because GBSF has workers' compensation insurance, Plaintiff's sole remedy for any workplace injury was under the Texas Workers' Compensation Act. *See* TEX. LAB. CODE § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . ."). Moreover, the Magistrate Judge noted that Plaintiff's negligence claim was barred by the state's two-year statute of limitations. ECF No. 8 at 6.

Finally, the Magistrate Judge determined that this Court lacked subject matter jurisdiction over Plaintiff's remaining state law workers' compensation claim. *Id.* at 6. Because Plaintiff's federal Title VII claim failed, there was no diversity of parties, and Plaintiff failed to plead the required amount in controversy, the Court had no basis for supplemental jurisdiction over this claim. As a practical matter, Plaintiff also failed to provide the Court with the requested documentation to facilitate judicial review of the Texas Workers' Compensation Commission's decision.

The Magistrate Judge concluded that Plaintiff's claims should be dismissed.

### C.     Plaintiff's Objections

On February 17, 2022, Plaintiff moved for an extension of time to file objections to the R&R and provide additional documentation. ECF No. 12. Plaintiff's request was granted and on

---

[8] As previously mentioned, Plaintiff admitted she was terminated due to a prior back injury. ECF No. 7.

March 14, 2022, Plaintiff filed an 85-page Objection (the "Objection"). ECF No. 13. The Objection included Plaintiff's account of her injury, a list of defendants, and approximately 80 pages of additional documentation that were not presented to the Magistrate Judge.[9] Plaintiff states that she "totally disagree[s] with the Report and Recommendation that my case (complaint) be dismissed" and argues that her "time should not be barred" because Defendants have "railroaded" her claim. *Id*. at 1, 3. Finally, she restates that "my claims for negligence, non-compensation, racial discrimination, retaliation and more should not be barred." *Id*. at 4.

Now before this Court are Plaintiff's Objections. ECF No. 13. This Court construes Plaintiff's Objections as a motion to supplement her Statement (ECF No. 7), and grants the motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (instructing courts to liberally construe *pro se* submissions). In her Objections, Plaintiff objects to the Magistrate Judge's findings regarding the timeliness of her negligence and TDI/DWC claims.[10] ECF No. 13 at 3–4.

---

[9] The supporting documentation includes: (1) a copy of an overdue medical bill from the University of Texas Health system for $316 (labeled "Document A"); (2) a bill from S.A. Infectious Diseases Consultants for $654 (labeled "Document B"); (3) a Notice of Disputed Issues and Refusal to Pay issued by Texas Mutual Worker's Compensation (labeled "Document C"); (4) two letters: one from the San Antonio Infectious Disease Consultants, claiming that Plaintiff's work accident is a substantial factor that contributed to her dermatitis and a second letter requesting a follow up appointment (both referred to as "Document D"); (5) a letter of clarification from the Texas Department of Insurance (labeled "Document E"); (6) a May 10, 2021 Order from the Commissioner of the Texas Department of Insurance issuing a re-examination of Plaintiff's right hand dermatitis (labeled "Document F"); (7) a bill from a collection agency for $340 (labeled "Document G"); (8) a June 11, 2021 Order from the Commissioner of the Texas Department of Insurance issuing a re-examination of Plaintiff's right hand dermatitis (labeled "Document H"); (9) a screenshot of the US Department of Labor Occupational Safety and Health Administration Whistleblower Complaint Form (labeled "Document I"); (10) a July 29, 2021 Decision from the Texas Department of Insurance Division of Workers' Compensation denying that the compensable injury of June 8, 2017 was a contributory cause of Plaintiff's ongoing dermatitis and an October 19, 2021 Appeals Panel determination, stating that the July 29, 2021 Decision was final (labeled "Document J"); (11) the EEOC's Dismissal and Notice of Rights (labeled "Document K"); (12) a notice from Texas Mutual that Plaintiff's Impairment Income Benefits ceased on 4/28/2021 (labeled "Document L"); (13) a letter from Texas Mutual, dated 3/25/2021, denying a one-year refill of a topical ointment because the topical ointment was neither effective nor intended for long term use (labeled "Document M").

[10] This Court understands Plaintiff's references to "barred" claims as objecting to the Magistrate Judge's finding that Plaintiff's negligence claim was time-barred, ECF No. 8 at 6 ("Even if her negligence claims were not barred by the exclusive remedy provision of the Texas Workers' Compensation Act, they would also be time-barred."), as well as the Court's inability to assess if judicial review of the TDI/DWC decision was time-barred, *id*. at 7–8 ("Moreover, even if the requirements of diversity jurisdiction were satisfied, Plaintiff has not provided the Court with any of the requested information regarding her workers' compensation claim so that the Court might be able to evaluate it for timeliness.").

**DISCUSSION**

I.   **Standard of Review**

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id*.; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

Plaintiff's claims regarding the Texas Workers' Compensation Commission, negligence, and racial discrimination were before the Magistrate Judge. Because Plaintiff specifically objected to the timeliness findings of her negligence and workers' compensation claims, we review those claims de novo; the Magistrate Judge's findings on Plaintiff's racial discrimination claim is reviewed for clear error. Because the Magistrate Judge did not evaluate Plaintiff's retaliation and disability discrimination claims, this Court will review them at this time.

II.   **28 U.S.C. § 1915(e) Standard**

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam). Courts generally apply the Rule 12(b)(6) analysis set out above to dismissals under that provision of the

IFP statute. Such a dismissal therefore "turns on the sufficiency of the 'factual allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief;" and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to

the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

"*Pro se* complaints receive a liberal construction. Even so, mere conclusory allegations on a critical issue are insufficient[.]" *Brown v. Tarrant Cnty.*, 985 F.3d 489, 494 (5th Cir. 2021) (quotations and citations omitted).

## III.    Analysis

### A.    Subject Matter Jurisdiction

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction."

To determine whether the District Court has subject matter jurisdiction over each claim, courts utilize the "well-pleaded complaint rule," which states that the basis for federal jurisdiction, whether that be federal question or diversity, must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted). For claims that do not have either federal question or diversity jurisdiction,

federal courts may exercise supplemental jurisdiction so long as they form part of the same case or controversy as the federal claims, 28 U.S.C. § 1367, in that they "derive from a common nucleus of operative fact." *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Of Plaintiff's five claims, her racial discrimination, retaliation, and disability discrimination claims arise under federal law and thereby qualify for federal question jurisdiction. *See* 42 U.S.C. §§ 2000e, *et seq.* and 42 U.S.C. §§ 12102, *et seq.* Because the Texas Workers' Compensation and negligence claim stems from the same facts that give rise to the discrimination and retaliation claims, this Court exercises supplemental jurisdiction over those claims. However, should the federal claims fail, this Court must determine whether supplemental jurisdiction remains appropriate. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7, (1988) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine, such as judicial economy, convenience, fairness, and comity, all point toward this Court's declining to exercise jurisdiction over the remaining state-law claims.").

### B.    Negligence

Plaintiff specifically objected to the Magistrate Judge's finding that her negligence claim was barred by Texas state law and the statute of limitations. This Court reviews the Magistrate Judge's determination *de novo*. "Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008).

After Plaintiff came in contact with the chemicals, she states that GHBF instructed her to wait six days before sending her to a physician. ECF No. 7 at 4. Plaintiff alleges that the conditions surrounding the chemical spill breached the legal duty of an employer to an employee and created

a toxic or unsafe work environment. She states that the six-day delay exacerbated her injuries and led to permanent damage. *See generally* ECF No. 7.

Plaintiff failed to allege adequate facts before the Magistrate Judge in support of this claim. After Plaintiff was asked for more specific information, she still failed to "describe the injury, how it occurred, when it occurred, and [her] medical history and condition related to the injury." ECF No. 4. No court can sustain claims in negligence without basic information regarding the injury.

Furthermore, regardless of any additional information provided in her Objection (ECF No. 13), Plaintiff's claim fails as a matter of law. The Texas Workers' Compensation Act ("TWCA") "provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence." *Johnson v. Caroli*, No. 21-20231, 2022 WL 1499280, at *2 (5th Cir. May 12, 2022); *see also* TEX. LAB. CODE § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."). The TWCA covers all "compensable injur[ies]" that arise during the "course and scope of employment." TEX. LAB. CODE § 401.011(10). "Course and scope of employment" means an activity of any kind or character that has to do with and originates in the work . . . of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." *Id*. § 401.011(12). Because Plaintiff sustained her injury at work during the normal course of her duties, her injury falls within the TWCA's purview, and her negligence claim is barred by the exclusive remedy provision.

Plaintiff's negligence claim is also barred by the applicable statute of limitations. Texas has a two-year limitations period for personal injury claims. TEX. CIV. PRAC. & REM. CODE §

16.003(a). Negligence claims are governed by the same limitations period as personal injury claims. Under Texas's "legal injury rule," the two-year period commences on the day the "wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Schlumberger Tech. Corp. v. Pasko,* 544 S.W.3d 830, 834 (Tex. 2018). Plaintiff was injured on June 8, 2017. ECF No. 8 at 6. She filed this lawsuit in December 2021, over two years after the injury occurred. Therefore, the Magistrate Judge was correct in holding that Plaintiff's negligence claim was barred both by the TWCA and the statute of limitations.

### C.      Workers' Compensation Claim

Plaintiff also objected to the Magistrate Judge's finding on her workers' compensation claim, arguing that Defendants "railroaded" her claim. ECF No. 13. The Magistrate Judge dismissed Plaintiff's workers' compensation claim after finding that the Court lacked subject matter jurisdiction over the claim. In the alternative, the Magistrate Judge noted that the Court was unable to evaluate the claim for timeliness because Plaintiff had not provided the Court with the requested filings made to the EEOC or TDI/DWC. These determinations will be reviewed *de novo*.

Although federal Courts have authority to hear appeals from the Texas Department of Insurance, TEX. LAB. CODE § 410.252, federal courts must have subject matter jurisdiction over every case that comes before them. 28 U.S.C. §§ 1331–32. As discussed above, *supra* Section III(A), this Court has federal question jurisdiction over Plaintiff's federal claims and may exercise supplemental jurisdiction over Plaintiff's workers' compensation claim. However, supplemental jurisdiction cannot be maintained without an anchoring federal claim or separate diversity jurisdiction. There is no diversity of parties, ECF No. 8, and because Plaintiff's Title VII and ADA claims fail, *see infra* Sections D, E, and F*,* there is no remaining federal question to which Plaintiff

can anchor her appeal. Thus, it is inappropriate to retain the claim on the basis of supplemental jurisdiction.[11]

### D.    Racial Discrimination

This Court will review the Magistrate Judge's findings regarding Plaintiff's racial claim for clear error. The Court has reviewed the documentation provided and the Magistrate Judge's Report and Recommendation stating that this claim should be dismissed and finds this determination to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Plaintiff failed to show that she was terminated because of her race. Instead, her pleadings allege that she was terminated because of an unrelated back injury.

### E.    Retaliation

Plaintiff also asserts a claim for retaliation under 42 U.S.C. § 2000e-3(a). ECF No. 7 at 6. In her Objection, Plaintiff elaborated that "my accident to me [sic] was just a set up. I had made several formal and informal reports to the administration and to state, local, federal agencies and nothing was corrected." ECF No. 13 at 2. Plaintiff later states that she "was constantly harassed by employees and upper management." *Id*. at 2.

Title VII prevents employers from discriminating against its employees for opposing or complaining about an unlawful employment practice. *See* 42 U.S.C. §2000e-3(a) (prohibiting discrimination because the employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in

---

[11] Moreover, Plaintiff failed to satisfy the procedural requirements to facilitate judicial review. The Texas Labor Code requires that parties seeking judicial review of workers' compensation claims to file suit "no later than the 45th day after the date on which the division mailed the party the decision of the appeals panel." TEX. LAB. CODE § 410.252 (a). The "mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division." *Id*. Plaintiff provided the Court with documentation showing that the appeals panel ruled on her case on July 29, 2021 and the opinion was mailed to her on August 5, 2021. ECF No. 13 at 57–60. Thus, Plaintiff needed to seek judicial review by September 19, 2021, 45 days after the decision was mailed to her. However, Plaintiff did not file her case until December 1, 2021. Therefore, her petition for review was untimely.

any manner in an investigation, proceeding, or hearing under this subchapter"). To establish a retaliation claim under Title VII, plaintiffs must show (1) that they engaged in a protected activity; (2) they suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *See Wright v. Union Pac. R.R. Co*., 990 F.3d 428, 433 (5th Cir. 2021). Plaintiffs do not have to submit evidence at the pleading stage, *id*., but must "plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make their case plausible." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (internal citation omitted).

Plaintiff states that she reported GBSF both formally and informally. EC No. 13 at 1. Even if this Court assumes that these reports were a protected activity, Plaintiff does not plead sufficient facts to indicate that her ultimate termination was because of the reports. Instead, Plaintiff clearly states that she was terminated because of her back injury. ECF No. 7 at 3 ("I was wrongfully terminated from [GBSF] due to a previous back injury."). Thus, Plaintiff has pled insufficient facts on the ultimate issue of causation and, consequently, has failed to state a viable claim for retaliation.

### F.     Disability Discrimination

Plaintiff claims that she was denied reasonable accommodations and was wrongfully terminated because of a pre-existing back injury in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* ECF No. 7 at 3; ECF No. 13. The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees." *Id.* § 12112(a). Such discrimination may also include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* § 12112 (b)(5)(A).

14

To establish a prima facie case of employment discrimination under the ADA, a plaintiff must prove that he has a disability, that he is qualified for the job, and that he suffered an adverse employment decision because of his disability. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092–93 (5th Cir. 1996); *see also Pinkerton v. Spellings*, 529 F.3d 513, 517–19 (5th Cir. 2008) (clarifying the ADA's causation standard). To prevail on a failure-to-accommodate claim, a plaintiff must show (1) the plaintiff is a "qualified individual with a disability;" (2) the disability and its consequential limitations were known by the plaintiff's employer; and (3) the employer failed to make reasonable accommodations for such known limitations. *Feist v. La. Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013).

On both counts, Plaintiff's claim fails at the outset because she has not properly alleged that she has a disability. The ADA defines "disability," in relevant part, as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).

While Plaintiff's pre-existing back injury may very well constitute a disability, the Court cannot reasonably infer from the factual allegations in the complaint how her injury limits a major life activity. *Innova Hosp.*, 995 F. Supp. 2d at 602; *Stockstill*, 561 F.3d at 384. Accordingly, Plaintiff's pleadings fail to state a plausible claim for violation of the ADA under either a wrongful termination or failure-to-accommodate theory of liability. *See Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011) (concluding that plaintiff's allegations of chronic back pain, chronic Hepatitis-C, and a psychiatric condition were—despite being supported by medical records attached to the complaint—insufficient to support an ADA claim because they "did not contain facts regarding

the impact of [his] ailments on his ability to perform major life activities."). Even liberally construed, such conclusory allegations as to the "critical issue" of Plaintiff's disability are insufficient under Rule 12(b)(6), *Brown*, 985 F.3d at 494, and will be dismissed pursuant to 28 U.S.C. § 1915(e).

## CONCLUSION

Having reviewed the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and the record, the Court will **ACCEPT** the Magistrate Judge's recommendation to **DISMISS** this case pursuant to 28 U.S.C. § 1915(e) as frivolous and for failing to state a claim. Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Mary Ann Ellis at P.O. Box 2694, San Antonio, Texas 78299.

It is so **ORDERED**.

**SIGNED** this 20th day of March, 2023.

Xavier Rodriguez
United States District Judge